UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MIA CARLSON, )<br>　　　　　　　　　　　　　　　　　)<br>　　　　　Plaintiff, 　　　　　　　　)<br>　　　　　　　　　　　　　　　　　)　　2:13-cv-00364-RCJ-PAL<br>vs. 　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>NEVADA EYE CARE PROFESSIONALS et al., )　　**ORDER**<br>　　　　　　　　　　　　　　　　　)<br>　　　　　Defendants. 　　　　　　)<br>_____)  | |

　　　This class action arises out of alleged unsolicited text messages sent in violation of federal law. Three Defendants have moved to dismiss or, in the alternative, for summary judgment, against the sole class representative. For the reasons given herein, the Court denies the motion.

**I.　　FACTS AND PROCEDURAL HISTORY**

　　　Plaintiff and class representative Mia Carlson, f.k.a. Mia Shaughnessy, received the following text massage on her cell phone on December 5, 2012:

> SDFEF FRM: 12z@urdoc.us
> MSG: Mia - your eye doctor
> @ Nevada Eye Care wants to
> improve your eyes.  Please call
> us @ 702-633-2020 for an appt.

(Compl. ¶ 1, Mar. 5, 2013, ECF No. 1). Thousands of other persons like Plaintiff received similar automated text messages without prior express consent. (*Id.* ¶ 3). Plaintiff sued

Defendants Nevada Eye Care Professionals ("NECP"), Nevada Eye Care Professionals Stein & Little, Ltd. ("NECP S&L"), Communitect, Inc., d.b.a. Solutionreach, and Smile Reminder in this Court, bringing a Rule 23 class action based upon violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, requesting damages and injunctive relief. Defendants NECP, NECP S&L, and Communitect have moved to dismiss for failure to state a claim or, in the alternative, for summary judgment.

## II.    LEGAL STANDARDS

### A.    Dismissal

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*,

550 U.S. at 555).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### B. Summary Judgment

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). In determining summary judgment, a court uses a burden-shifting scheme:

> When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the

initial burden of establishing the absence of a genuine issue of fact on each issue material to its case.

*C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations and internal quotation marks omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations unsupported by facts. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At the summary judgment stage, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are

to be drawn in his favor." *Id*. at 255.  But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III.    ANALYSIS

The Court denies the motion under Rule 12(b)(6).  The claim is sufficiently pled under Rule 8(a).  The TCPA makes it unlawful, *inter alia*, to make calls to cell phones using an automatic dialing system without the prior express consent of the dialed party or in an emergency. *See* 47 U.S.C. § 227(b)(1)(A)(iii).  The Federal Communication Commission's interpretation of the TCPA that it applies to text messages is reasonable. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 949 (9th Cir. 2009) (citing *Chevron v. NRDC*, 467 U.S. 837, 843–44 (1984)).  Plaintiff alleges a specific text message automatically sent to her cell phone on a specific date, and that she did not consent to receive calls from any Defendant.

The Court also denies the motion under Rule 56(a).  Movants argue that Plaintiff consented to receive calls, i.e., that Plaintiff signed a Consent that incorporated a Notice of Privacy Practices that in turn stated that "Nevada Eye Care may contact [you] to provide appointment reminders *or information about treatment alternatives or other health-related benefits and services that may be of interest to [you]*." (*See* Casey Aff. ¶ 11, Apr. 12, 2013, ECF No. 13-1, at 2 (quoting Notice sec. A, para. 1, fifth unnumbered subparagraph, Jan. 1, 2010, ECF No. 13-2, at 8) (emphasis added)).  Plaintiff agreed to the terms described in the Notice. (*See* Consent, Jan. 4, 2010, ECF No. 13-2, at 6).  Movants have satisfied their initial burden by adducing evidence showing that Plaintiff consented to be contacted not only in relation to follow-up appointments, but also for the purposes of advertisement of NECP's services in general.[1]

---

[1] The emphasized text is important, because the alleged call in this case does not appear to be related to any previous care.  That is, it is not a follow-up message but a message soliciting Plaintiff's business in general: "[Y]our eye doctor . . . wants to improve your eyes.  Please call . . . for an app[ointmen]t."  The message contains no reference to any past treatment, appointments, or condition, or even any reference to any particular doctor or office location.

1    In response, Plaintiff argues that she did not consent to any contact excepts as to follow-
2 up appointments, that the text message violated the TCPA anyway because it did not include the
3 name and telephone number of the sender or an automatized opt-out system, and that the HIPAA
4 exception to the express, written consent requirement that Congress has adopted will not be
5 effective until October 16, 2013.
6    The Court finds that Plaintiff has satisfied her shifted burden based upon the first
7 argument.  As noted, *supra*, consent to the 1/1/2010 Notice would have included consent to be
8 contacted for advertisement of eye care services in general.  But the Consent itself does not
9 identify any specific version fo the Notice, and Plaintiff notes that the HIPAA Authorization she
10 signed at her January 4, 2010 appointment specifically refers to a Notice of Privacy Practices
11 dated 1/1/2008, and Defendants have not adduced a copy of that Notice, so the scope of
12 Plaintiff's consent to be contacted remains unclear.  It is clear that Plaintiff signed the Consent
13 three days after the 1/1/2010 Notice of Privacy Practices was instituted, so it is possible that
14 NECP provided Plaintiff with the 1/1/2010 Notice of Privacy Practices form but had simply
15 failed to update its HIPAA Authorization form to note the date of the newer Notice of Privacy
16 Practices, but Plaintiff attests that she did not receive *any* Notice of Privacy Practices, and she
17 notes that Defendants have not adduced the 1/1/2008 Notice of Privacy Practices at all.  The
18 Court finds that there is a genuine dispute whether Plaintiff received any Notice of Privacy
19 Practices, and which one she received, if any.  The Court rejects Defendants' argument that even
20 if Plaintiff only agreed to be bound by the 1/1/2008 Notice of Privacy Practices, that Plaintiff
21 agreed via the Consent or the Notice itself that Defendants could hold her to unilaterally changed
22 privacy practices such that it could essentially agree on her behalf to receive communications she
23 did not previously agree to receive.
24    In summary, the Court denies summary judgment, because there remains a genuine issue
25 of material fact over the scope of Plaintiff's consent to be contacted.  If she received no Notice,

or if she received the 2008 Notice and the 2008 Notice did not include a provision similar to the 2010 Notice permitting the kinds of text messages here, Plaintiff's claim must go to trial.

In reply, Defendants argue that the message was an appointment reminder. The Court finds for the reasons already given, *see supra* note 1, that the characterization of the message as an appointment reminder must be argued to the jury. It is not clearly an appointment reminder and in fact appears not to be one.

Defendants also argue that Plaintiff consented to be contacted, but they still do not adduce the 1/1/2008 Notice or negate Plaintiff's attestations that she received no Notice at all. Even if the Court were to consider Plaintiff's assertion that she received no Notice at all negated by the fact that she signed the Consent admitting receipt—and it is not clear that this question should not go to the jury itself—there would still remain a genuine issue of material fact over which version of the Notice she in fact received, because the Consent does not specify which Notice she received, and the fact that Plaintiff signed the Consent three days after the date of the 1/1/2010 Notice does not prove beyond dispute that she received that Notice. Also, the HIPAA Authorization indicated she received the 1/1/2008 Notice, which no party has produced. She could have received the 1/1/2008 Notice if the 1/1/2010 Notice had not yet been distributed. Defendant argues that the 1/1/2008 Notice includes the same language permitting contact for advertisement of eye care services in general and claims to have attached a copy of the 1/1/2008 Notice as Exhibit A to the Reply, but there is in fact no attachment to the Reply.

Nor does the Court accept the argument that simply providing one's telephone number equates to consent to be called for any purpose. The purpose of the TCPA is to prevent unsolicited marketing calls. A patient providing a telephone number to a health care provider only impliedly consents to be contacted for reasons related to particular care the patient has received or solicited, not for general marketing purposes. The case law Defendants cite in fact confirms this view. *See* Reply 7–8, May 9, 2013, ECF No. 19).

1    The Court also rejects the argument that Plaintiff has not provided evidence to show an
2 automated dialing system was used.  The abbreviations within and format of the text message
3 strongly imply mechanical generation from some kind of database.  If Plaintiff had simply
4 attested that the text message was sent by an automated system, without more, Defendants might
5 be entitled to summary judgment on the issue, but Plaintiff's attestation as to the content of the
6 text message itself provides enough circumstantial evidence to support an inference of the use of
7 an automated system in this case.  Although the number was clearly not "random" under the
8 statute, because it identified Plaintiff by name, it was potentially (and likely) "sequentially
9 generated" under the statute, i.e., dialed from a list of numbers in a database.

10   The Court accepts Defendants' argument that Plaintiff's assertion of an expiration of her
11 consent, whatever the scope of that consent was, cannot be read into the statute.  However, this
12 argument does not aid Defendants here, because the scope of consent is at issue.

13   The Court also accepts Defendants' argument that the opt-out requirement was not in
14 effect at the time Plaintiff alleges she received the text message. *See* 77 Fed. Reg. 63240 (Oct.
15 16, 2012).  Plaintiff therefore cannot prevail on this theory.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss or for Summary Judgment (ECF No. 13) is DENIED.

IT IS FURTHER ORDERED that the Motions for Demand for Security of Costs (ECF Nos. 10, 11) and the Motion to Seal (ECF No. 12) are GRANTED.

IT IS SO ORDERED.

Dated this 28th day of May, 2013.

_____
ROBERT C. JONES
United States District Judge